**Bant SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74117.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Frederick H. Parmenter, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Bant Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

Where the BIA adopts and affirms the decision of the IJ, we review the decision of the IJ as the final agency determination. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005).

We review an adverse credibility finding under the substantial evidence standard and may reverse only if the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004).

Substantial evidence supports the IJ's adverse credibility finding. Singh's explanation for the events leading to his departure from India, failure to seek medical attention and failure to provide detail about his treatment in custody were either

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

implausible or detracted from Singh's credibility. These matters go to the heart of Singh's claim of persecution. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (holding that an adverse credibility determination is affirmed so long as one basis for determination is supported by substantial evidence). Singh has not shown that the evidence compels a contrary conclusion. *See Malhi v. I.N.S.*, 336 F.3d 989, 993 (9th Cir.2003).

In the absence of credible testimony, Singh did not establish eligibility for asylum, withholding of removal or CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

PETITION FOR REVIEW DENIED.